# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

February 1, 2016

VIA ECF and EMAIL

Hon. Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

RE: *Lafontant v. Washington Square Financial, LLC et al.* (14 Civ. 9895)

Dear Judge Seibel:

     We represent Defendants Washington Square Financial, LLC d/b/a Imperial Structured Settlements, Imperial Finance & Trading, LLC, and Imperial Holdings Inc. ("Imperial Defendants") in the referenced matter. We write to advise the Court of a decision issued by the Second Circuit after the Imperial Defendants' Motion to Dismiss the Complaint in the referenced matter was fully submitted that relates to the motion and that counsel discovered while preparing for the appearance scheduled for tomorrow, February 2, 2016. Based on this recent decision, the Imperial Defendants request that this matter be stayed pending arbitration, in accordance with that recent decision. If the Court requires, we are prepared to brief this issue further.

     On June 10, 2015, the Imperial Defendants filed their Motion to Dismiss Plaintiff Michael Lafontant's ("Plaintiff") Amended Complaint asking the Court to dismiss the matter pursuant to the Federal Arbitration Act ("FAA") because Plaintiff agreed to submit the disputes at issue to mandatory arbitration. However, on July 28, 2015, after the Motion had been filed, the Second Circuit decided the case of *Katz v. Cellco Partnership*, 794 F.3d 341 (2d Cir. 2015) (copy attached). In *Katz*, the Second Circuit noted that "the question whether district courts retain discretion to dismiss an action after all claims have been referred to arbitration, or whether instead they must stay proceedings, remains unsettled." *Id.* at 344 (collecting cases demonstrating circuit split on the issue). Nevertheless, after analyzing the issue, the Second Circuit held that the appropriate course of action in the Second Circuit is for a district court to stay its proceedings pending arbitration. *Id.* at 345. The Court based its holding on the language in Sections 3 and 4 of the FAA.

     In light of the Second Circuit's recent holding, Imperial Defendants respectfully submit that a stay of this action, rather than dismissal, pursuant to section 3 of the FAA is required. In the alternative, and in the wake of the controlling precedent cited herein, per section 4 of the FAA, the

Imperial Defendants further request an order compelling Plaintiff to arbitration. Should the Court desire supplemental briefing on this matter and the relief sought, the Imperial Defendants are prepared to do so promptly and on whatever schedule the Court orders.

                                                  Respectfully,

                                                  HOLLAND & KNIGHT LLP

                                                  Marisa Marinelli

Enclosure

cc:    Edward S. Stone, Esq. (Via ECF and Email)
       O'Quinn Stumphauzer & Sloman, P.L. (Via ECF and Email)

794 F.3d 341
United States Court of Appeals,
Second Circuit.

Michael A. KATZ, individually and on behalf of all others similarly situated, Plaintiff–Appellant–Cross–Appellee,

v.

CELLCO PARTNERSHIP, dba Verizon Wireless, Defendant–Appellee–Cross–Appellant.

Docket Nos. 14–138 (Lead), 14–291(XAP).
|
Argued: March 5, 2015.
|
Decided: July 28, 2015.

**Synopsis**
**Background:** Customer brought putative class action against wireless phone service provider, asserting various state law claims and seeking declaratory judgment that application of Federal Arbitration Act (FAA) to compel arbitration of those claims pursuant to a contractual arbitration clause was unconstitutional. The United States District Court for the Southern District of New York, Briccetti, J., 2013 WL 6621022, denied declaratory relief, compelled arbitration of all claims, and denied provider's motion to stay the proceedings, dismissing the action instead. Parties cross-appealed.

**[Holding:]** The Court of Appeals, Wesley, Circuit Judge, held that as a matter of first impression, stay of proceedings, rather than dismissal of complaint, was required when all claims were referred to arbitration; abrogating *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F.Supp.2d 332, and *Reynolds v. de Silva*, 2010 WL 743510.

Affirmed in part, vacated in part, and remanded.

West Headnotes (7)

[1] **Alternative Dispute Resolution**
⚙ Scope and standards of review
**Federal Courts**
⚙ Summary judgment
The Court of Appeals reviews de novo the denial of a motion for summary judgment, the grant of a motion to compel arbitration, and the denial of a motion to stay proceedings pending arbitration.

8 Cases that cite this headnote

[2] **Alternative Dispute Resolution**
⚙ Particular cases
Stay of proceedings, rather than dismissal of complaint, was required under the Federal Arbitration Act (FAA) when District Court referred all claims to arbitration in customer's putative class action against wireless phone service provider, pursuant to binding arbitration agreement between the parties; plain language of the FAA specifying that proceedings "shall" be stayed pending arbitration left District Court with no discretion in the matter, given that provider requested a stay; abrogating *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, *Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F.Supp.2d 332, and *Reynolds v. de Silva*, 2010 WL 743510. 9 U.S.C.A. § 3.

Cases that cite this headnote

[3] **Statutes**
⚙ Mandatory or directory statutes
The mandatory term "shall" typically creates an obligation impervious to judicial discretion, and, thus, Congress's use of a mandatory "shall" imposes discretionless obligations.

1 Cases that cite this headnote

[4] **Statutes**
⚙ Relation to plain, literal, or clear meaning; ambiguity
Courts may disregard a statute's plain meaning when it begets absurdity.

Cases that cite this headnote

[5] **Alternative Dispute Resolution**
   ⟐ Decisions reviewable; finality

Mandatory stay of proceedings after all claims are referred to arbitration, pursuant to a binding arbitration agreement between the parties, comports with the Federal Arbitration Act's (FAA) statutory scheme, which authorizes immediate interlocutory review of an order refusing to compel arbitration or denying a stay of proceedings but denies the right to an immediate appeal from an interlocutory order that compels arbitration or stays proceedings; thus, dismissal of an arbitrable matter that properly should have been stayed effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order. 9 U.S.C.A. §§ 3, 16(a)(1)(A, B), (b)(1, 2).

12 Cases that cite this headnote

[6] **Alternative Dispute Resolution**
   ⟐ Stay of Proceedings Pending Arbitration

Mandatory stay of proceedings after all claims are referred to arbitration, pursuant to a binding arbitration agreement between the parties, comports with the Federal Arbitration Act's (FAA) pro-arbitration policy of moving the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible; stay enables parties to proceed to arbitration directly, unencumbered by the uncertainty and expense of additional litigation, and generally precludes judicial interference until there is a final award. 9 U.S.C.A. § 3.

15 Cases that cite this headnote

[7] **Federal Civil Procedure**
   ⟐ Time for Trial; Dockets, Lists and Calendars

While district courts no doubt enjoy an inherent authority to manage their dockets, that authority cannot trump a statutory mandate that clearly removes such discretion.

1 Cases that cite this headnote

**Attorneys and Law Firms**

*342 William Robert Weinstein, Law Offices of William R. Weinstein, White Plains, *343 N.Y., for Plaintiff–Appellant–Cross–Appellee.

Andrew G. McBride (J. Michael Connolly, on the brief), Wiley Rein LLP, Washington, DC, for Defendant–Appellee–Cross–Appellant.

Before: WESLEY, LIVINGSTON, and CARNEY, Circuit Judges.

**Opinion**

WESLEY, Circuit Judge:

In an effort to more efficiently manage their dockets, some district courts in this Circuit will dismiss an action after having compelled arbitration pursuant to a binding arbitration agreement between the parties. That is what happened here. After the District Court (Briccetti, J.) found Michael A. Katz's state law claims against Cellco Partnership d/b/a Verizon Wireless ("Verizon") to be arbitrable, the court compelled arbitration but denied Verizon's request to stay proceedings.[1] By dismissing the case, however, the District Court made the matter immediately appealable as a final order, provoking additional litigation—specifically, this appeal. Although we recognize the administrative advantages of a rule permitting dismissal, we hold that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), requires a stay of proceedings when all claims are referred to arbitration and a stay requested. Moreover, Katz's various constitutional challenges to the FAA are meritless, as explained by the well-reasoned opinion of the District Court. Accordingly, we AFFIRM the District Court's judgment denying summary judgment and compelling arbitration, VACATE the District Court's dismissal of the action, and REMAND with instructions to stay the action pending arbitration.

---

1   Plaintiff–Appellant–Cross–Appellee Katz appeals the denial of his motion for partial summary judgment and the grant of Verizon's motion to compel arbitration, while Defendant–Appellee–Cross–Appellant Verizon appeals the denial of its request to stay proceedings.

**BACKGROUND**

Katz sued Verizon on behalf of a putative class of New York-area Verizon wireless telephone subscribers, asserting breach of contract and consumer fraud claims under New York state law on the basis of a monthly administrative charge assessed by Verizon. Katz alleged that—contrary to Verizon's representations that the administrative charge was imposed for recovery of government-related costs—the charge was actually a discretionary pass-through of Verizon's general costs and, so, constituted a concealed rate increase.

Katz's contract with Verizon incorporated the company's wireless customer agreement, which contained an arbitration clause that invoked the FAA and required the arbitration of disputes arising from the agreement or from Verizon's wireless services. Thus, in addition to his state law claims, Katz also sought a declaratory judgment that application of the FAA to those claims was, on various grounds, unconstitutional.[2]

2    Katz principally argues that application of the FAA to compel arbitration of his state law claims violates Article III separation of powers principles and constitutes an impermissible rule of decision.

The parties filed cross-motions. Katz moved for partial summary judgment for declaratory relief, which Verizon opposed as foreclosed by controlling precedent. Verizon moved to compel arbitration and to stay proceedings. Katz conceded in response that "Verizon's Customer Agreement is enforceable under the FAA with respect to his and all of Verizon's other customers' state law claims for breach of *344 contract and consumer fraud ... but only if the application of the FAA to those state law claims does not violate Article III of the United States Constitution."[3] *Katz v. Cellco P'ship*, No. 12 CV 9193(VB), 2013 WL 6621022, at *4 n. 2 (S.D.N.Y. Dec. 12, 2013) (internal quotation marks and emphasis omitted). Katz also argued that should arbitration be compelled, his action ought to be dismissed, not stayed, pending arbitration.

3    Katz maintains this concession on appeal. *See* Plaintiff–Appellant–Cross–Appellee Br. 4 n. 2.

The District Court denied Katz's motion, ruling that application of the FAA to compel arbitration of Katz's state law claims is constitutional. The District Court next found that Katz's claims were arbitrable, as Katz had conceded, and granted Verizon's motion to compel arbitration. Having compelled arbitration of all claims, the District Court then dismissed—rather than stayed—the action, but recognized that whether district courts have such dismissal discretion remains an open question in this Circuit.

For substantially the reasons identified in the District Court's thorough memorandum decision, we agree with the court's decision that the FAA neither violates Article III of the Constitution nor imposes an unconstitutional rule of decision under *United States v. Klein*, 13 Wall. 128, 80 U.S. 128, 20 L.Ed. 519 (1871). Accordingly, we affirm the District Court's denial of Katz's motion for partial summary judgment as well as its grant of Verizon's motion to compel arbitration. We address here only whether dismissal was the appropriate disposition.

## DISCUSSION[4]

4    We review *de novo* the denial of a motion for summary judgment, *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir.2013), the grant of a motion to compel arbitration, *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 368 n. 2 (2d Cir.2003), and the denial of a motion to stay proceedings pending arbitration, *Mediterranean Shipping Co. S.A. Geneva v. POL–Atlantic*, 229 F.3d 397, 402 (2d Cir.2000).

### I. To Stay or Not To Stay

[1] The question whether district courts retain the discretion to dismiss an action after all claims have been referred to arbitration, or whether instead they must stay proceedings, remains unsettled. The Supreme Court has yet to decide the issue. *See Green Tree Fin. Corp.–Ala. v. Randolph*, 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000) ("The question whether the District Court should have taken that course [*i.e.*, to dismiss rather than to stay the case after all claims were compelled to arbitration] is not before us, and we do not address it."). And this Court has previously suggested different conclusions. Compare *McMahan Sec. Co. v. Forum Capital Mkts.*, 35 F.3d 82, 85–86 (2d Cir.1994) ("Under the [FAA], a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding. The FAA leaves no discretion with the district court in the matter." (citation omitted)), with *Oldroyd v. Elmira Sav. Bank*, 134 F.3d 72, 76 (2d Cir.1998) ("[I]f the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration."), and *Salim Oleochemicals v. M/V Shropshire*, 278 F.3d 90, 93 (2d Cir.2002) ("We urge district courts in

these circumstances to be as clear as possible about whether they truly intend to dismiss an action or mean to grant a stay pursuant to [FAA Section 3], which *345 supplies that power...."). [5]

[5] Our prior decisions have not directly addressed the question posed here. Both *McMahan* and *Oldroyd* principally analyzed the arbitrability issues there presented; whether a stay was necessary was ancillary to the arbitrability determination. *McMahan*, 35 F.3d at 85–86; *Oldroyd*, 134 F.3d at 76–77. And, similar to the Supreme Court's ruling in *Green Tree*, *Salim Oleochemicals* addressed the final decision status of a dismissal under Section 16 of the FAA and assumed, without holding, that dismissal was a permissible disposition. *Salim Oleochemicals*, 278 F.3d at 93.

The Courts of Appeals are about evenly divided. Several Circuits have held or implied that a stay must be entered, *see, e.g., Cont'l Cas. Co. v. Am. Nat'l Ins.*, 417 F.3d 727, 732 n. 7 (7th Cir.2005); *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269–71 (3d Cir.2004); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955–56 (10th Cir.1994); *Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir.1992) (per curiam); while others have suggested that district courts enjoy the discretion to dismiss the action, *see, e.g., Bercovitch v. Baldwin Sch., Inc.*, 133 F.3d 141, 156 & n. 21 (1st Cir.1998); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir.1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 637–38 (9th Cir.1988). Most recently, the Fourth Circuit noted internal tension between panel opinions requiring a stay and permitting dismissal, but declined to resolve the issue because it was not squarely presented. *See Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 376 n. 18 (4th Cir.2012) (comparing *Hooters of Am., Inc. v. Phillips*, 173 F.3d 933, 937 (4th Cir.1999), with *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir.2001)).

## II. The Federal Arbitration Act Requires a Stay

[2] [3] [4] We join those Circuits that consider a stay of proceedings necessary after all claims have been referred to arbitration and a stay requested. The FAA's text, structure, and underlying policy command this result. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). The plain language specifies that the court "shall" stay proceedings pending arbitration, provided an application is made and certain conditions are met. [6] It is axiomatic that the mandatory term "shall" typically "creates an obligation impervious to judicial discretion." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998). Congress's "use of a mandatory 'shall' ... impose[s] discretionless obligations." *Lopez v. Davis*, 531 U.S. 230, 241, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001). Nowhere does the FAA abrogate this directive or render it discretionary. And though courts may disregard a statute's plain meaning where it begets absurdity, *346 *see Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 296, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006), that is manifestly not the case here.

[6] Although the statutory text refers to an action brought "upon *any* issue referable to arbitration," 9 U.S.C. § 3 (emphasis added), we address here only the disposition of actions in which *all* claims have been referred to arbitration.

[5] Far from it. A mandatory stay comports with the FAA's statutory scheme and pro-arbitration policy. The statute's appellate structure, for example, "permits immediate appeal of orders hostile to arbitration ... but bars appeal of interlocutory orders favorable to arbitration." *Green Tree*, 531 U.S. at 86, 121 S.Ct. 513. The FAA authorizes immediate interlocutory review of an order refusing to compel arbitration or denying a stay of proceedings; it would make little sense to receive a conclusive arbitrability ruling only after a party has already litigated the underlying controversy. *See* 9 U.S.C. § 16(a)(1)(A)-(B) ("An appeal may be taken from ... an order ... refusing a stay of any action under section 3 ... [or from an order] denying a petition under section 4 ... to order arbitration to proceed."). By contrast, the FAA explicitly denies the right to an immediate appeal from an interlocutory order that compels arbitration or stays proceedings. *See id.* § 16(b)(1)-

(2) ( "[A]n appeal may not be taken from an interlocutory order ... granting a stay of any action under section 3 ... [or] directing arbitration to proceed under section 4."). The dismissal of an arbitrable matter that properly should have been stayed effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order. Affording judges such discretion would empower them to confer appellate rights expressly proscribed by Congress.

[6] For similar reasons, a mandatory stay is consistent with the FAA's underlying policy "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). A stay enables parties to proceed to arbitration directly, unencumbered by the uncertainty and expense of additional litigation, and generally precludes judicial interference until there is a final award.[7]

[7] For example, the FAA specifies circumstances in which judicial participation in the arbitral process is permitted. Arbitrating parties may return to court, *inter alia*, to resolve disputes regarding the appointment of an arbitrator or to fill an arbitrator vacancy, 9 U.S.C. § 5; to compel attendance of witnesses or to punish witnesses for contempt, *id.* § 7; and to confirm, vacate, or modify an arbitral award, *id.* §§ 9–11.

[7] We recognize that efficient docket management is often the basis for dismissing a wholly arbitrable matter. *See, e.g., Lewis Tree Serv., Inc. v. Lucent Techs., Inc.*, 239 F.Supp.2d 332, 340 (S.D.N.Y.2002) (finding that "no useful purpose will be served by granting a stay"); *Reynolds v. de Silva*, No. 09 Civ. 9218(CM), 2010 WL 743510, at *9 (S.D.N.Y. Feb. 24, 2010) (finding it an "inefficient use of the Court's docket to stay the action"). But this is not reason enough. While district courts no doubt enjoy an inherent authority to manage their dockets, *Link v. Wabash R.R.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 148 (2d Cir.2014), that authority cannot trump a statutory mandate, like Section 3 of the FAA, that clearly removes such discretion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir.1999) ("[J]udges must place enforcement of the [Prison Litigation Reform Act's administrative-exhaustion requirement] over a concern for efficient docket management."); *In re Prevot*, 59 F.3d 556, 566 (6th Cir.1995) ("A court has the inherent power to manage its docket, subject of course to statutes requiring special *347 treatment for specified types of cases."); *Marquis v. FDIC*, 965 F.2d 1148, 1154 (1st Cir.1992) ("It is beyond cavil that, absent a statute or rule to the contrary, federal district courts possess the inherent power to stay pending litigation when the efficacious management of court dockets reasonably requires such intervention.").

In sum, while we recognize the impetus for a rule permitting dismissal, we conclude that the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is AFFIRMED IN PART and VACATED and REMANDED IN PART for further proceedings before the District Court consistent with this decision.

**All Citations**

794 F.3d 341, 63 Communications Reg. (P&F) 168

End of Document © 2016 Thomson Reuters. No claim to original U.S. Government Works.